May it please the Court, Brian Hofstad on behalf of Applied Medical. Gallo controls this case, and it's the District Court's failure to follow Gallo correctly that is the reversible error in this case. In both Gallo and in this case, there's a domestic company and a foreign company that entered into a distribution contract. In both of these cases, the distribution contract contained both a choice of law and a forum selection clause that dictated that California law would apply and that the proper forum was to be in California. In both of these cases, notwithstanding these contractual provisions, the foreign company went to a foreign jurisdiction and invoked a foreign law that purported to be the exclusive remedy and to void any contrary contracts. And in both of those cases, the domestic company brought a suit domestically in compliance with the terms of the forum selection clause to enforce that forum selection clause. And this court in Gallo held that it was an abuse of discretion not to issue an anti-suit injunction on those facts. But Gallo has this same party, same issues, dispositive language. And as I read the Iranian or not, the Belgian lawyer's letter, he seems to be suggesting that under Belgian law, Belgian state national policy is to protect its distributors and that if a company is coming, a manufacturer is coming into its country, selling its product in Belgium through distributors, the national policy of Belgium is to protect the interests of distributors and that that law overrides any private ability of the parties to negotiate differently. And we have similar laws in this country which protect franchises and the like. So maybe not directly on the same, but essentially the idea. So what I'd like you to address is, let us suppose that the Belgian law would declare the termination provisions and goodwill provisions to be contrary to Belgian national policy and unenforceable in Belgium. How does that national interest of Belgium get recognized if by their policy, their distributors cannot waive the protection of the Belgian statutes? I have a few answers to that, Your Honor. The first is that the same could be said and was said of the Ecuadorian decree in the Gallo case. In that case, it also ostensibly voided the forum selection clauses. In that case, and this Court in Gallo held that that fact did not in any way prevent the issuance of an anti-suit injunction. Secondly, and related to that, I think that the question is sort of what's the starting point? Do we start with the contract here or do we start with the foreign law that says the contract doesn't matter? And I think the answer to that question, and it was answered in Gallo, is that we start with the contract. Because there the Gallo recognized the strong United States policy, both expressed by the Supreme Court and by this Court repeatedly, that there's an interest in enforcing these forum selection clauses. And to the extent that this Court, you know, in Gallo and, you know, in this case wants to sort of step back and balance the interests of the two countries, in this case we have a very strong interest on behalf of the United States. It's been described as both strong and at times compelling to enforce these forum selection clauses because they create regularity in international business transactions against what the interest might be in the Belgian law. And in this case, there's a few reasons that the Belgian law is not entitled to anywhere near the same amount of weight. The first is that the Belgian law, as Surgical notes, is designed to protect, you know, essentially, you know, Belgian distributors against being strong-armed into giving up rights they might otherwise have. Precisely. In this case, we have a finding by the district court that there was no strong-arming, there was no overweening bargaining power, that there was a year of negotiations back and forth, and that none of these inequities amounted or had any effect on the — either existed or had any effect on the development of this contract. That holding hasn't been appealed and is law of the case. So the primary interest isn't implicated. We also have the fact that Surgical is a Netherlands corporation that happens to be doing business in Belgium. It's not necessarily, you know, within the core unit of what Belgium's getting at. The other issue that this Court has noted in cases even more recent than Gallo is that this Court, you know, looks to how much weight the foreign jurisdiction places on giving comity and deference to the United States policies. And this Court has held that where the foreign jurisdiction basically doesn't want to give any weight to the United States policy, that it is entirely appropriate in that circumstance that the Federal courts take that into account and accordingly discount the weight that's given to the foreign interest in that case. So I think that is why it's appropriate to start with the contract. This Court did it in Gallo. And to not start with the contract is to vitiate the strong and compelling policy interests that this Court and the Supreme Court have repeatedly noted in the enforcement of form selection clauses. Well, but I think the district court — — said, well, but there are different issues. It isn't a purely identical suit, and therefore it isn't appropriately enjoined under Gallo. And Gallo does have the same party, you know — Exactly. That's what I wanted to get at, is this is where the district court really misstepped. There's a sort of first threshold inquiry in Gallo before the Court ever gets to the equitable discretion discussion about whether or not it's appropriate to enter the anti-suit injunction. And that's whether there's a sufficient overlap between the two lawsuits. And that has three components, whether or not the same parties are at issue, whether the same issues are at issue, and whether the domestic lawsuit is dispositive of the foreign lawsuit. There's no question that the parties are the same both in this lawsuit and in Belgium. Where the district court in this case got it wrong was with respect to the other two elements. It's clear when you define whether the issue is the same that this Court has employed a different definition than other courts. The Eleventh Circuit in the Cannon case defines the same issue as being the same cause of action. This Court has defined it in Gallo. It's the same issue as being the same central issue. The issue is having the same dravening. It is not the same cause of action, the same legal theory. We know that because the foreign action in the — in Gallo was the Ecuadorial decree. It was not a breach of contract claim. It was a breach of contract claim that sort of grew out of that decree and the consequences of it. But the fact that it was — that it was a statutory or decree-related cause of action in a foreign jurisdiction didn't matter to this Court's analysis. It still held that it was the same issue. And this Court similarly held that in an older case called Seattle Totems, where it said that a breach of contract action in Canada involved the same central issue as an antitrust action brought under U.S. law for the same contract. So this case — this Court takes a much more expansive definition of what the same issue is. And as a result of that, when you apply that test here — and the district court didn't apply that test. It looked at the specific type of cause of action, and that's where it got it wrong. Here the issue is whether or not surgical is entitled to any termination-triggered damages. And the answer to that question is no. All four of the types of damages that were available — that are available in the Belgian cause of action, the inadequate notice, the goodwill indemnity, the other indemnity and costs that are tied to the termination, and the buyback of inventory are all triggered by the termination of the contract. So the same central issue is involved. Which leads me to the last requirement, which is, is this action dispositive of the other action? And there are two reasons why it is. The first is the overlap of issues means — the fact that they're the same issues means that this lawsuit is dispositive. And in this case, again, here's the second place where the district court got it wrong. The district court held that this contract applied, that this dispute arose out of the contract, that the contract was entered into voluntarily, and that under the terms of the contract, that surgical was to take nothing as a result of the termination. And it also held more specifically with respect to the goodwill indemnity claim that was raised in the motion for summary judgment, that they were not to take any goodwill indemnity damages. The court said that it doesn't matter that those damages may have accrued during the life of the contract. The fact remains that they became due at the termination of the contract. And but for the termination, they wouldn't have come due at all. They wouldn't have arisen at all. That same logic applies to every other form of damage under the Belgian — that is raised in the Belgian lawsuit. There may be other requirements. The inadequate notice requires termination and inadequate notice. But but for the termination, there would be no entitlement to any of those damages. And the district court made its mistake in not recognizing that the logic that it applied to the goodwill indemnity applied with equal force to all these other damages. They were not pre-termination or ongoing relationship damages any more than the goodwill indemnity damages were. The second reason why the issues are just — why this case is dispositive, and this is a reason that this Court noted in Gallo, is there's a choice of law provision here. And this choice of law provision says that it is — it is California law that applies, not Belgian law. And this Court noted in Gallo that it was not clear in that case that there would be any Ecuadorian action available because of the choice of law clause. Moreover, even if it were available, this Court in Seattle-Totem noted that this lawsuit — this lawsuit domestically came first. And the appropriate cause of — the appropriate action on behalf of surgical, if the Belgian action survived at all, was to raise it in a compulsory counterclaim. And this Court in Seattle-Totem said that the failure to raise something in a compulsory counterclaim, even if it's a foreign law action, is grounds itself for issuance of an anti-suit injunction. So those are the three. So basically — Kennedy. Under California choice of law, could they introduce — or is this what you're saying by way of a counterclaim? Under California choice of law, would they look to and weigh the Belgian interest in enforcing its statute? I don't — I don't know the specific — the choice of law principles under California. What I was trying to articulate is because the choice of law contract provision says California law applies. Well, but that would — our cases also say — in effect, Gallo, I think, says federal court can apply Belgian law if the Belgian law does govern in any respect. So if California on the distributor termination conflict would look to Belgian law to see and balance whether its interests outweigh those of California, would you agree that then if California law applies, then the federal court would be applying Belgian law to — under the California choice of law rubric? I agree that — I mean, as the Court in Gallo held. The Court in Gallo said, we don't think that they can raise Ecuadorian law at all because of the choice of law. That was heavily fact-driven by the outrageous behavior of what was going on in Ecuador. Well, the outrageous behavior certainly was a factor in the case. I'm just talking about in a commercial dispute, international commercial dispute here. That would be the way in which the federal court would recognize the Belgian interest. I think that that is a way that it would do it, yes. And I think that's what the court at least in Seattle Totems held, that that's the appropriate venue and that an anti-suit injunction should issue to make sure that it's adjudicated there, which would give effect to the form selection clause. I'll reserve the balance of my time for rebuttal. Okay. Good morning, Your Honors. May it please the Court. My name is Bruce Jackson, and I represent the Surgical Company. In the underlying case, first you should focus on the this was precipitated by an action brought in the forum by a ply. That's where this case started. And they asked for very specific restrictive declaratory relief regarding the interpretation of their contract. They also asked for a very broad-based injunction that basically said we want you to enjoin Surgical from proceeding with litigation anywhere other than in the forum. The court gave them their declaratory relief on certain aspects, and it denied this request for a broad-based injunction, applying the principles of GALA. So the issue before the court is, it's on appeal here, is whether the court properly applied the GALA standards in denying that request for injunction. And the test is abuse of discretion. I think that's important here. And there are two parts to the abuse of discretion. As to factual findings, that's basically a clearly erroneous standard. And as to interpretations of law, the court looks at those to no avail. In other words, did the court interpret GALA correctly? Now, the court denied the injunction based on facts that were presented as to the issues involved in the Belgian action. And the court has already referred to some of those facts. We believe the court correctly interpreted those facts and made a decision as to what issues were involved in the Belgian action. The findings in that regard are not clearly erroneous, we submit. They are fully supported by the evidence in the record, the only evidence in the record that was submitted as such. My problem with that is that the district court at ER 18 says there, here, applied as prevailed regarding the declaration that surgical shall take nothing due to the termination of the agreement. Now, it construes the, and I gather this is what you're saying, is that in seeking the declaration applied focused on the goodwill indemnities that surgical seeks in the Belgian action and other damages as a result of termination of the agreement. However, there are some differences, and then he talks about the Belgian action alleges that certain pre-termination damages are due aside from the goodwill and other termination-related damages. And he makes reference to the claims arising under Belgian statutory law based on the ongoing relationship, which are potentially broader. And I'm not sure from the record that we have here, I can tell whether those are clearly erroneous or not, counsel has argued that the logic of the goodwill holding would extend to other claims, at least some of the claims as articulated by your Belgian counterpart. And he seems to invoke the notion that, as I introduced at the outset of the argument, the notion that Belgian statutory law would override the contract. So I'm not exactly clear what Judge Carter had in mind as to the significance of the Belgian statute. So I'm not sure what I'm deferring to here. Well, respectfully, what Judge Carter had in mind was the declarations of the Belgian attorneys involved in the lawsuit, which specifically set forth that the claim is based on the notion under Belgian law that if a relationship is one of indefinite duration, that it requires certain notice before it can be terminated. And this notice is required before termination. It's not triggered by termination. And in this case, if you gave the required notice, you could terminate. There's nothing triggered by termination. Or you can choose rather not to give the required notice and give an indemnity in lieu of notice. None of this is triggered by termination. Well, you see, this contract has its own termination provision. It doesn't require notice. It simply says, here is the mutual termination agreement. The contract specifically addresses the issues that Surgical is trying to invoke under Belgian law. But here's a contract between the parties that specifically addresses the conduct of AMD in termination. And what I understand Surgical's view to be says, notwithstanding what the contract says, there's a Belgian statutory overlay that can supersede. And, in fact, I think that's what your Belgian lawyer suggests. All clauses in the contract that are deviating from the provisions of that act are automatically null and void. Well, we're really arguing two things. The first thing is that these are protections and provisions and damages, if you will, that are pre-termination requirements under Belgian law. They arise because of the relationship of the parties and the duration of the relationship. They're not based on termination. And so they are not excluded by the provisions of the contract. And the judge, in effect, found that based on the only facts he had before him when he said the issues aren't the same. There are other issues. These issues involve pre-termination rights that aren't covered by this damage exclusion clause. Secondly, and this goes to the question, the second part of the test, which at least in the briefs applied seem to suggest is not a second part of the test. It's really only one test. But the two parts are the issues and the parties are the same. And is the action in the California form dispositive of the action in the foreign form? And it is not dispositive in part because the Belgian law does add these provisions that says if a contract purports to exclude these damages, such provisions will be excluded under that will not be considered under Belgian law. We don't believe the contract purports to exclude those damages because they're not triggered by termination. I think that's the big mistake that applied makes in its brief, is that it focuses ‑‑ it conflates the notion of damages that are due to termination and damages that may be payable upon termination. The latter relates to a time frame. The former relates to a cause and effect relationship. The Belgian law provides these remedies that are based on the duration of the relationship and they have nothing to do with the termination due to termination damages that are covered in the contract. Well, what do we do with your lawyer's statement that says the mandatory nature of the act means that the agreed six-month notice period in the agreement is invalid and also that the parties cannot validly agree that no indemnity will be due upon termination? That seems to be saying directly that even if the contract addresses it, Belgian law supersedes and overrides it. Well, that's correct. And that's why the California action cannot be dispositive of the Belgian law. Well, I don't know that that's the case. Why not? Why shouldn't the California manufacturer, AMD, be able to invoke its contractual rights and not allow and sue under that, which your client agreed to, and you can say, well, we agreed to it, but it doesn't mean anything because California law and the forum in California are essentially meaningless. No. Our client agreed that all disputes arising under the agreement would be adjudicated in California law and the agreement provides that the agreement will be interpreted under California law. It doesn't say all disputes arising between the parties are going to be governed by California law. Counsel, Judge Gould with the question. If the dispute is between the parties and it's not perhaps technically how you interpret the agreement, but it's a dispute arising from the relationship that's governed by the agreement, wouldn't that normally be considered a dispute arising under the agreement? Well, I don't think so, number one. Number two, I don't think on the facts of this case it is because as the Belgian lawyers have stated, these particular rights arise out of Belgian law and have nothing to do with the written contract. In fact, they arise out of the relationship whether or not there was a written contract and the duration of the relationship. So I don't – I believe that if applied, wanted – first of all, Gallo has this very broad clause that says all, you know, disputes known to man between these parties are going to be adjudicated in California, and that's a very broad clause. It was a very broad clause in canon, the Eleventh Circuit case. A broader clause perhaps along the lines that Your Honor is suggesting would be arising out of or related to the agreement. And the courts in the sight of the cases have recognized that the arising out of and related to is a broader explanation of that type of coverage. So the most restrictive is the one applied shows, and they put in it's arising out of the agreement. And interestingly, in the action itself – and that's the – for purposes of comparison, that's what we're looking at here. The question is, is the action in the forum dispositive of the foreign action? In the action, they sought declaratory relief as to a specific provision of the contract. And in their motion, they focused on these goodwill indemnities, but all of it related to damages that are due to termination. And Surgical's point is that their protections – and there's testimony in the record as to this as well by one of the surgical officers – that in entering into this relationship, they understood that they were protected by this Belgian law. The applied sought and obtained declarations of its rights as to those things that arose under the contract. What the Court refused to do is to go beyond that and say, you know, we've got something here that's dispositive of the Belgian action. And the Court found that the issues were broad. I'd like to just point out that the Court can, in addition, of course, sustain that decision based on the law and the record, even if it wasn't the basis for the Court's decision. The Court – the district court did not get to the question of the second big prong of Gallo, which is, would the continuation of the action in the forum jurisdiction frustrate a policy of the foreign state in enforcing a valid forum selection clause? And we believe that the forum selection clause here, again, was very limited. It's not like the clause in Gallo. And it – we do not believe, again, that this – the disputes in Belgium don't arise under the agreement. And there – and so the – there is no valid policy of enforcing an agreement here that would be – that would be overturned by the Court allowing the foreign action to proceed. And thirdly – Counsel, would it still be a procedural – would it still be a procedural option for your client to litigate the Belgian law issues back in this federal district court? Well, it would always be an option, I suppose. But our point is that it's not required to do so under this forum selection clause. They didn't agree to, as the parties did in Gallo, to resolve all their disputes in this forum. They agreed only to resolve disputes arising under the agreement in the forum. And, in fact, the disputes that – that applied raised were resolved in the forum. The only disputes it raised, it sought declaratory relief, and they were, in fact, resolved in the forum. They went ahead and asked for more broad-based relief, which is prevent surgical from – from enforcing its rights under Belgian law. And the Court, if we believe correctly so, denied that. The third prong, which the Court alludes to but didn't discuss in great detail, is the issue of comity. And we certainly feel here that comity weighs greatly in favor of denying this injunction. We don't have the egregious facts of Gallo, notwithstanding Applied's efforts to say this is like Gallo and that the clause here is only arguably less broad. This is nothing like Gallo. Gallo is a paradigmatic case for applying the – you know, for saying, you know, comity doesn't weigh in here. This is an appropriate place to – to apply an injunction here. We have none of those egregious facts. It would be an affront to comity for this Court to say that surgical can't pursue its valid rights in Belgium. I see my time is up. Thank you very much. Thank you. Just a few points, Your Honors. I want to first call the Court's attention to the district – some of the district Court's findings. Excerpt of Record 8, Paragraph 6 and 7. The Court states that the Court declares that the surgical company's claim of entitlement under Belgian law to goodwill indemnity and other compensation as a result of the termination of the agreement is a dispute arising out of the agreement. Paragraph 7 says that the Court declares the agreement accordingly governs surgical's claims. And Paragraph 8 says that the agreement's plain terms dictate that the surgical company shall take nothing upon termination of the agreement. The issue about whether or not the Belgian Act claims arise under the agreement and therefore fall within the Form Selection Clause has been resolved by the district court in declaratory relief and isn't appealed – hasn't been appealed. It isn't before this Court. It's law of the case and it fits within this – the Form Selection Clause. So whether or not Gallo's clause is broader or not is beside the point.  And we do not believe it's – that this Court needs, therefore, to get into that issue because it was properly resolved and isn't in front of the Court in any event. The district court also – again, somehow – I mean, surgical states again that there's some distinction between the Belgian Act claims not being triggered by termination and the goodwill indemnity claims being triggered by termination. But again, one of the Belgian claims is itself for goodwill indemnity. All of these claims accrue during the life of the contract. All of them but for the termination wouldn't be accrued – wouldn't be due at all. That's exactly the reasoning that the district court relied on. And it's – and that's why this court – that's why the district court's reasoning isn't clear here. The standard of review in this – for this type of issue, whether the issues are identical, I think this court has in prior decisions. We sort of found that the closest analog was to whether there was an identity of issues for res judicata purposes. While the facts underlying what claims under each are looked at and reviewed for clear error, the actual issue of identity is reviewed either as a mixed question or as a question of law and is subject to de novo review. The last point I wanted to make is that the ultimate effect of denying the anti-suit injunction, the district court's order, is to nullify the foreign selection clause in this case and nullify even as to the goodwill indemnity and to nullify the district court's own declaratory relief as to goodwill indemnity. The court said they're not entitled to it. Without the anti-suit injunction, surgical is able to go back to Belgium and apply for the same damages and get those same damages up to, I think, 360,000 euros. I just want to call the court's attention to a sentence from – a sentence from the district court. The court said, Under the reasoning of the district court, any party seeking to evade the enforcement of an otherwise valid foreign selection clause need only rush to another form and file suit. Not only would this approach vitiate United States policy favoring the enforcement of foreign selection clauses, but it could also have serious deleterious effects for international comedy. So on the basis of this case, we would ask that the district court's rule be reversed. Thank you. Counsel, thank you both for the very good arguments. And we will submit the case and stand in adjournment. Thank you.
judges: Fisher, Gould, England